FILED DEC 2 11PM 1 59 USDCALS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-00338-CG |
| | ) | |
| BOBBY THRELKELD, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CRIMINAL INFORMATION

The United States of America, acting through its attorneys, charges:

1.    BOBBY THRELKELD, JR. is hereby made a defendant on the charges stated below.

## BACKGROUND

2.    When Alabama homeowners default on their mortgages, the lender or loan servicer can institute foreclosure proceedings through a non-judicial public foreclosure auction.  These public auctions typically take place at the county courthouse.  At the auction, an auctioneer sells the property to the bidder offering the highest purchase price.  Proceeds from the sale are then used to pay off the

mortgage and other debt attached to the property.  Any remaining proceeds are paid to the homeowner.

## DEFENDANT AND CO-CONSPIRATORS

3.    During the period covered by this Information, the defendant acted as an individual, as well as an agent of other individual co-conspirators and Co-conspirator Company A, a real estate investment company organized and existing under the laws of the state of Alabama, with its principal place of business in Mobile, Alabama.  The defendant and Co-conspirator Company A were engaged in the business of buying real estate at foreclosure auctions in the Southern District of Alabama and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

4.    Various entities and individuals, not made defendants in this Information, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

5.    Whenever in this Information reference is made to any act, deed, or transaction of any company, the allegation means that the company engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE - BID-RIGGING CONSPIRACY
## (15 U.S.C. § 1)

6.     Each and every allegation contained in Paragraphs 1-5 of this Information is hereby realleged as if fully set forth in this Count.

### DESCRIPTION OF THE OFFENSE

7.     Beginning at least as early as May 2001, and continuing thereafter until at least December 2006, the exact dates being unknown to the United States, the defendant and co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by rigging bids and engaging in other collusive and fraudulent activities in order to obtain selected real estate offered at real estate foreclosure auctions in the Southern District of Alabama. The combination and conspiracy engaged in by the defendant and co-conspirators unreasonably restrained interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

8.     The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were:

a.     to suppress competition by agreeing to refrain from full competitive bidding against each other to obtain title to selected real estate offered at public real estate foreclosure auctions in the Southern District of Alabama;

3

b.     to make payoffs to, and receive payoffs from, one another in return for suppressing competition for selected real estate offered at public real estate foreclosure auctions;

c.     to cause financial institutions, lienholders, and/or homeowners to receive less than the full and competitive price for properties sold through real estate foreclosure auctions; and

d.     to obtain title to selected real estate sold at non-competitive, rigged prices.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

9.     For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and co-conspirators did those things that they combined and conspired to do, including, among other things:

a.     agreeing, during meetings, conversations, and communications, to rig bids to obtain title to selected real estate offered at public real estate foreclosure auctions in the Southern District of Alabama;

b.     designating which co-conspirator would bid on the selected real estate at the public real estate foreclosure auctions for the group of co-conspirators;

     c.     refraining from bidding on selected real estate at the public real estate foreclosure auctions;

     d.     making payoffs to co-conspirators in exchange for agreements not to bid at the public real estate foreclosure auctions;

     e.     receiving payoffs from co-conspirators in exchange for agreements not to bid at public real estate foreclosure auctions;

     f.     conducting secret, second auctions of the rigged foreclosed properties, open only to members of the conspiracy, to bid for title to the rigged foreclosure properties;

     g.     awarding the rigged foreclosed properties to the co-conspirators who submitted the highest bids at the secret, second auctions;

     h.     in some cases, transferring title to rigged foreclosure properties into the names of the co-conspirators who submitted the highest bids at the secret, second auctions; and

     i.     distributing the proceeds of the secret, second auctions, including cash payoffs, to members of the conspiracy based upon a predetermined formula agreed to by the members of the conspiracy.

## TRADE AND COMMERCE

10.     During the period covered by this Count, the business activities of the defendant and his co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce.  For example, financial institutions located in states other than Alabama received proceeds from the public real estate foreclosure auctions that were subject to the bid-rigging conspiracy.  In addition, documents relating to the auction process were sent between Alabama and other states.

## JURISDICTION AND VENUE

11.     The combination and conspiracy charged in this Count was carried out, in part, in the Southern District of Alabama, Southern Division, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO - CONSPIRACY TO COMMIT MAIL FRAUD
### (18 U.S.C. § 1349)

The United States further charges:

12.     Each and every allegation contained in Paragraphs 1-5 of this Information is hereby realleged as if fully set forth in this Count.

## DESCRIPTION OF THE OFFENSE

13.     Beginning at least as early as May 2001 and continuing thereafter until at least December 2006, the exact dates being unknown to the United States, in the Southern District of Alabama and elsewhere, the defendant and co-conspirators did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1341, in violation of Title 18, United States Code, Section 1349.

14.     It was a part and object of the conspiracy that the defendant and co-conspirators unlawfully, willfully, and knowingly devised and intended to devise a material scheme and artifice to defraud financial institutions, homeowners, and others and to obtain money and property through materially false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, the defendant would and did knowingly use and cause to be used the United States Postal Service or any private or commercial interstate carrier, in violation of Title 18, United States Code, Section 1349.

15.     It was a part and object of the conspiracy that the defendant and co-conspirators would and did suppress competition by agreeing not to bid against each other at selected real estate foreclosure auctions in order to acquire title to

selected real estate at prices lower than would have resulted from fully competitive auctions. It was further a part and object of the conspiracy that the defendant and co-conspirators would and did obtain title to the fraudulently acquired real estate to permit its subsequent sale and/or rental for economic benefits. It was another part and object of the conspiracy that the defendant and co-conspirators would and did cause fraudulently depressed sales prices to be reported and paid to victims of the scheme. In addition, it was a part and object of the conspiracy that defendant and co-conspirators would and did make payoffs to, and receive payoffs from, each other in exchange for agreeing not to bid, resulting in additional economic benefits.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

The scheme and artifice was carried out in the following manner and means, among others:

16. Each and every allegation contained in Paragraph 9 of Count One of this Information is hereby realleged and incorporated in Count Two as if fully set forth in this Count.

17. For the purpose of executing the scheme and artifice to defraud and attempting to do so, the defendant and co-conspirators did knowingly cause foreclosure deeds and other documents granting title to fraudulently obtained real estate to be sent or delivered by the United States Postal Service or private or

8

commercial interstate carriers. These mailings were foreseeable to the defendant in the ordinary course of business.

## OVERT ACTS

18.    In furtherance of the conspiracy and to effect the illegal objects thereof, the defendant and co-conspirators committed overt acts in the Southern District of Alabama and elsewhere, including, but not limited to, those acts stated in Paragraph 9 of Count One of this Information, which have been fully realleged and incorporated by reference into Paragraph 16 of this Count.

## JURISDICTION AND VENUE

19.    The combination and conspiracy charged in this Count was formed, in part, and carried out, in part, in the Southern District of Alabama, Southern Division, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1349.

Date:

_____
SHARIS A. POZEN
Acting Assistant Attorney General
Antitrust Division

_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General for
Criminal Enforcement

_____
JOHN F. TERZAKEN
Director of Criminal Enforcement

_____
KENYEN R. BROWN
United States Attorney
Southern District of Alabama

_____
NEZIDA S. DAVIS
Chief, Atlanta Field Office
Georgia Bar No. 642083

_____
DEANA L. TIMBERLAKE-WILEY
Maryland Bar
Deana.Timberlake-Wiley@usdoj.gov

BROOKS MACKINTOSH
Georgia Bar No. 464115
Brooks.Mackintosh@usdoj.gov

CHINITA M. SINKLER
Maryland Bar
Chinita.Sinkler@usdoj.gov

Trial Attorneys
Atlanta Field Office
Antitrust Division
U.S. Department of Justice
75 Spring Street, S.W., Suite 1176
Atlanta, GA 30303
Tel:   (404) 331-7100
Fax:   (404) 331-7110

306282