IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 11-00338-CG |
| | ) | |
| BOBBY THRELKELD, JR. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America and Bobby Threlkeld, Jr. ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.  The defendant understands his rights:

    (a)   to be represented by an attorney;

    (b)   to be charged by Indictment;

    (c)   to plead not guilty to any criminal charge brought against him;

    (d)   to have a trial by jury, at which he would be presumed not

guilty of the charge and the United States would have to prove every

essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (e)    to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (f)    not to be compelled to incriminate himself;

    (g)    to appeal his conviction, if he is found guilty; and

    (h)    to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 ~~or a motion under 28 U.S.C. § 2241 or 2255,~~ that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known

2

evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant has waived indictment and is pleading guilty to a two-count Information. Count One of the Information charges the defendant with participating in a conspiracy to suppress and eliminate competition by rigging bids for the purchase of real estate at public foreclosure auctions, beginning at least as early as May 2001, and continuing until at least December 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Count Two of the Information charges the defendant with participating in a conspiracy to commit mail fraud in relation to real estate foreclosure auctions, beginning at least as early as May 2001, and continuing until at least December 2006, in violation of 18 U.S.C. § 1349.

3.  The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charges described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in the Factual Resume referenced in Paragraph 4 below. The United States agrees that at the arraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not a part of this agreement and are not agreed to by the United States.

## POSSIBLE MAXIMUM SENTENCE

5. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act, in Count One, is:

   (a)   a term of imprisonment for ten (10) years (15 U.S.C. § 1);

   (b)   a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

   (c)   a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and

United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

6. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 18 U.S.C. § 1349, in Count Two, is:

(a) a term of imprisonment for twenty (20) years ( 18 U.S.C. § 1341);

(b) a fine in an amount equal to the greatest of (1) $250,000, (2) twice the pecuniary gain derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

7.  In addition, the defendant understands that:

(a)  pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b)  pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for each charged crime, totaling $200.00.

## SENTENCING GUIDELINES

8.  The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the

6

defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

9. The United States and the defendant agree that the following sentencing guidelines apply:

    (a) For Count One (15 U.S.C. § 1)

        i. Base Offense Level, U.S.S.G. §2R1.1(a)     12

        ii. Conduct involved agreement to submit non-competitive bids, U.S.S.G. §2R1.1(b)(1)     +1

        iii. Volume of commerce adjustment, U.S.S.G. §2R1.1     +0

        iv. Fine calculated as one to five percent of the volume of commerce (stipulated to be $477,000), but not less than $20,000, see U.S.S.G. §2R1.1(c)(1):  $20,000 to $23,850

    Offense Level Total:     13

    (b) For Count Two (18 U.S.C. § 1349)

        i. Base Offense Level, U.S.S.G. §2B1.1(a)(1)     7

        ii. Loss > $70,000, U.S.S.G. §2B1.1(b)(1)(E)     +8

        iii. 10 or more victims, U.S.S.G. §2B1.1(b)(2)(A)(i)  +2

        iv. Fine, U.S.S.G. §5E1.2(c)(3): $2,000 to $20,000

    Offense Level Total:     17

(c) Pursuant to U.S.S.G. §§3D1.2 and 3D1.3, the counts involved offenses of the same general type to which different Guidelines apply; therefore the offense Guideline to be applied is the highest offense level.

(d) For the purposes of U.S.S.G. §3E1.1, a 3-level reduction of the offense level for the defendant's acceptance of responsibility is appropriate. However, should the United States obtain or receive additional evidence or information prior to sentencing that, in its sole discretion, it determines to be credible and materially in conflict with this stipulation, then the United States shall no longer be bound by this stipulation;

(e) The United States and the defendant are not aware of any information that would affect the defendant's Criminal History Category. If no other information were discovered, the defendant's Criminal History Category would be I. The parties understand that the defendant's Criminal History Category is determined by the Court; and

(f) Based on the foregoing, defendant's adjusted Offense Level for the offenses to which he is pleading guilty is 14. The Guidelines imprisonment range for Offense Level 14 is 15 to 21 months imprisonment. The defendant's appropriate Guidelines fine range within the meaning of U.S.S.G. §5E1.2(c)(3) is $4,000 to $40,000.

## **SENTENCING AGREEMENT**

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to recommend jointly, as the appropriate disposition of this case, that the Court impose a period of imprisonment of eight months; no period of supervised release; require the defendant to pay to the United States a criminal fine of $5,000, payable in full before the fifteenth (15th) day after the date of judgment; and require the defendant to pay restitution in an amount to be determined by the court, but not less than $21,334, pursuant to 18 U.S.C. § 3663(a)(3), payable in full before the fifteenth (15th) day after the date of judgment ("the recommended sentence"). The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp to serve his sentence and that the defendant be released following the imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified date. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree

that the recommended sentence set forth in this Plea Agreement is reasonable. The defendant understands that the Court will order him to pay a $200 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

11. The United States and the defendant agree that the applicable Guidelines imprisonment range exceeds the term of imprisonment contained in the recommended sentence set out in Paragraph 10 above. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines imprisonment range in this case and will request that the Court impose a term of imprisonment within the advisory guidelines range of Offense Level 11, as contained in the recommended sentence set out in Paragraph 10 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law involving the purchase of real estate at public foreclosure auctions in Alabama, and any other federal investigation resulting therefrom.

12. Subject to the full, truthful, and continuing cooperation of the defendant as defined in Paragraph 14 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and

his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offenses, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

13. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 10 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

14. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of real estate at public foreclosure auctions in Alabama, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a

party ("Federal Proceeding"). The full, truthful, and continuing cooperation of the defendant shall include, but not be limited to:

    (a)    producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States;

    (b)    making himself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

    (c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

    (d)    otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) - (c) of this paragraph, that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

15. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 14 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the purchase of real estate at public foreclosure auctions in Alabama ("Relevant Offense"). The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

## REPRESENTATION BY COUNSEL

16.  The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

17.  The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

18. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement.  The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

20. This Plea Agreement and its incorporated Factual Resume constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

21. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 11/17/11

NEZIDA S. DAVIS
Chief, Atlanta Field Office
Georgia Bar No. 642083

Date: 11/17/11

DEANA L. TIMBERLAKE-WILEY
Maryland Bar
Deana.Timberlake-Wiley@usdoj.gov

BROOKS MACKINTOSH
Georgia Bar No. 464115
Brooks.Mackintosh@usdoj.gov

CHINITA M. SINKLER
Maryland Bar
Chinita.Sinkler@usdoj.gov

Trial Attorneys, Atlanta Field Office
Antitrust Division
United States Department of Justice
75 Spring Street, SW, Suite 1176
Atlanta, GA 30303
Tel:  (404) 331-7100
Fax: (404) 331-7110

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Information pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the

17

Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 12-2-2011

BOBBY THRELKELD, JR.
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Information in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 12/2/2011

JAMES B. VOLLMER, SR.
Alabama Bar No. ASB-904-2M76V
Attorney for Defendant

Vollmer Law Offices, P.C.
2513 Dauphine Street
Mobile, AL 36606
Tel: (251) 476-7770
Fax: (251) 476-7759
james.vollmer@vollmer-law.com